## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 27, 1917.

## THE PEOPLE v. EDWARD BISHOP REDMOND.

### (179 App. Div. 127.)

APPEAL—REVERSAL OF JUDGMENT FOR CONVICTION OF PERJURY—RESETTLE-MENT OF ORDER.

Where the memorandum of the Appellate Division filed on an appeal from a judgment of conviction of perjury reverses the judgment and orders a new trial on the ground that the court erred in charging the jury as a matter of law that the testimony given by the defendant at a certain trial was material and because that question should have been left to the jury as a question of fact, the order entered in general terms upon such decision should be resettled and amended so as to declare that the reversal was for errors of law only.

SAME—REVERSAL ON QUESTION OF LAW ONLY.

Such resettlement of the order should be made, irrespective of whether the materiality of the alleged perjured testimony be a question of law or of fact, for the reversal of the judgment by the Appellate Division proceeded solely upon a question of law.

SAME.

Such order should not be amended to state that the facts have been examined and no error found therein where the appellate court did not reach an agreement upon the facts.

MOTION by the respondent to resettle an order of the Appellate Division, Second Department, reversing the judgment herein, which order was made on the 8th day of June, 1917.

*Ralph E. Hemstreet, Assistant District Attorney,* for the motion.

*Andrew F. Van Thun, Jr.,* opposed.

MILLS, J.:

This court in deciding the appeal herein filed the following memorandum, viz.: " Judgment of conviction and order reversed, and new trial ordered, upon the ground that the court

erred in charging the jury, as a matter of law, that the testimony given by the defendant at the trial of the Barker case, recited in the indictment, was material, and because that question should have been left to the jury as a question of fact."

The learned district attorney now moves that the order upon our decision, which has been entered in general terms, shall be resettled and amended so as to declare that the reversal is for error of law only.

From the remark of counsel upon the argument of the motion, it would appear that it is made upon the theory that we have in our such decision held in effect that upon the trial of a criminal perjury case the question of the materiality of the alleged perjurous statement is always a question of fact. While I am of that impression, our decision does not go to that extent. Upon this record it is a question in dispute whether or not, at the trial before the jury in the partition action of Barker v. Barker, in which the alleged perjurous statement by defendant in his testimony was made, as a witness for one of the defendants therein, there was really any issue as to the fact of the ceremonial marriage of the persons involved. At that trial the nominal issue was broad, viz.: " Was the defendant, Estelle Dorgelch and the mother of the defendant Beatrice Arabelle Barker, then known as Estelle Whitney, married on or about May 1st, 1897, to Alphonsus Murtha or Murtaugh ? " But at the trial there was an admission by the parties against whom defendant was called of the fact of a ceremonial marriage between said persons at that time, and the trial justice held and decided that it was immaterial that the parties to the same intended it to be a sham and not real, and, therefore, practically, upon such admission, directed the jury to answer the said question in the affirmative. Appellant's counsel, therefore, claimed at the trial hereof, and here as well, that it should be held, as matter of law, that defendant's said testimony was immaterial, as it tended only to prove what was not

really at issue. It is manifest that such testimony tended merely to establish the identity of the parties to such ceremonial marriage, and that they treated it at the time as real and in earnest. The trial court at that trial, at least in the end, held that it was immaterial if they did not intend the ceremony to be real and binding, and that the fact of the ceremonial marriage was admitted. The learned counsel for the appellant here contended that such admission was made by the counsel for the opposing parties at that former trial in his very opening, and that, therefore, we should hold, as matter of law, that the said testimony of the defendant was not material. We decided not to hold that because the record of that trial is not absolutely clear to the effect that such admission was made therein at that time and before defendant testified. It was, I think, at least a question of fact upon that record whether or not that admission was made before defendant testified. After it was so made, then plainly his testimony was entirely immaterial, as it merely went to establish an admitted fact. That record shows that at once after the opening of counsel, which was not taken down, the then plaintiff's counsel contended, in effect, that in his opening defendant's counsel had stated that he admitted the fact of the ceremonial marriage, but would rest his defense upon the sole ground that the parties to it did not intend the marriage to be real, and plaintiff's such counsel demanded a ruling that such fact would not invalidate the marriage or constitute a defense; but the learned trial judge there decided merely that he was not called upon at that time to rule upon the question, and thereupon the opposing counsel for the defense made the following equivocal statement, viz.: "While I make no response to the argument of Mr. Hirsh [plaintiff's counsel], I do not wish to concede that his statement of my opening or the essence of my opening was altogether correct." But he did not deny that as to the above statement it was correct. Later, he explicitly made that very admission. I think

that at least it was a question of fact for the jury, upon the trial of this, the perjury case, whether or not that admission was made in such very opening at that former trial, and that, if it was so made, defendant's said testimony was not material.

I am sensible that in People ex rel. Hegeman v. Corrigan (195 N. Y. 1, 23 N. Y. Crim. 242) the opinion of the Court of Appeals, written by the then Chief Judge CULLEN, declared broadly that the question " whether in a prosecution for perjury the testimony, the falsity of which is charged, is material or not is a question of law for the court " (p. 9). But in that case the converse of the question here was presented for determination, viz., whether or not the court should hold, as matter of law, that the alleged perjurous statement was not material, and so hold that the indictment did not charge a crime. So far as that opinion may be regarded as declaring that the court, at the trial of such an indictment, may hold and instruct the jury that the alleged perjurous statement was material, it is, at the most, a dictum, although indeed that of a very eminent jurist. I think, however, that at such a trial such materiality is one of the questions of fact, which must be submitted to the jury and which the court cannot assume to decide as against the defendant.

Whatever theory may be adopted, it is clear that our reversal here proceeded solely upon a question of law, and that, therefore, the motion must be granted. The resettlement should be to the effect merely that the reversal was for error of law only. The motion, so far as it asks that the order should also be made to state that the facts have been examined and no error found therein, should be denied, as we did not reach an agreement upon the facts.

JENKS, P. J., THOMAS, MILLS and BLACKMAR, JJ., concurred; PUTNAM, J., not voting.

Motion granted, in accordance with opinion.